Cooperstown Corporation of Maryland v. Commissioner.
Cooperstown Corp. v. Commissioner
Docket No. 3870.
United States Tax Court
1945 Tax Ct. Memo LEXIS 106; 4 T.C.M. (CCH) 819; T.C.M. (RIA) 45264; July 31, 1945
Lewis A. Spence, Esq., 25 Broad St., New York, N. Y., for the petitioner. Francis X. Gallagher, Esq., and Hartford Allen, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $4,869.00 in the petitioner's income tax for the calendar year 1939 and a deficiency of $10,733.00 in its personal holding company surtax for the same year. The facts were supplied solely by a stipulation of the parties and are hereby found as stipulated. The Commissioner, in determining these deficiencies, has included in the petitioner's income for 1939 the amount of refunds of capital stock taxes for 1934, 1935 and 1937 assessed against another corporation (which for the purpose of this opinion will *107 eb called "Delaware") and refunded interest on those amounts. The respondent in his brief concedes that he erred as to $7,000.00, plus interest, representing a refund of capital stock taxes and interest relating to Delaware's taxable year 1937. The petitioner contends that the Commissioner also erred in including the refunds for the other two years in its income for 1939. [The Facts] The petitioner was incorporated under the laws of Maryland on May 5, 1938. It filed its income and excess profits tax returns for the calendar year 1939 with the Collector of Internal Revenue for the Fifth District of New Jersey. It owned all of the stock of Delaware. A certificate of dissolution for Delaware was issued on June 9, 1938 and on June 15, 1938 Delaware, by written intsrument, duly executed, distributed all of its property and assets to the petitioner, its sole stockholder, in complete cancellation of all of its outstanding stock. Delaware had been in existence at least since 1933. It kept its books and filed its returns on a cash receipts and disbursements basis. It filed capital stock tax returns for the years 1934 through 1937 and paid the tax assessed on those returns. It claimed *108 a deduction on its income tax return for each of those years representing the amount which it had paid as capital stock tax for that year. The deductions for 1934 and 1935 offset what would otherwise have been taxable income. It filed a claim for refund for those capital stock taxes on April 27, 1938. Those claims were allowed and the collector, on November 3, 1939, sent to Delaware, inter alia, a check for $8,482.05 refunding the capital stock tax for 1934, and interest thereon, and a check for $7,288.35 refunding the capital stock tax for 1935, and interest thereon. Delaware endorsed the checks to the petitioner. The Commissioner's argument may be summarized as follows: All of the assets of Delaware, including the claims for refund, were distributed to the petitioner, the sole stockholder of Delaware, on June 15, 1938; this was a distribution in complete liquidation within the meaning of section 112 (b) (6) upon which no gain or loss was recognized; the claims for refund were assets in the hands of the petitioner which had in its hands the same basis as they had had in the hands of Delaware, section 113 (a) (15); the capital stock taxes for 1934 and 1935 had, through deductions *109 taken by Delaware, offset income for those years and the claims for refund had no basis in Delaware's hands at the time they were transferred to the petitioner; when the refunds were made the money belonged to the petitioner and not to Delaware; the amount of the tax refunded and the interest represented income to the petitioner for 1939 under the broad definition of "income" contained under section 22 (a). He cites , affd. , which in turn cited and relied upon , affd. . The parties have stipulated that the complete liquidating distribution by Delaware to the petitioner was made by a written instrument, but they have not furnished any copy of that instrument. The record does not show whether the claims for refund were specifically mentioned in that instrument but we must conclude from the stipulation that the claims for refund were transferred to the petitioner and no longer belonged to Delaware. They had a zero basis in the hands of the petitioner. This case is controlled by principles already established *110 in the National Bank of Commerce of Seattle and the Michael Carpenter Company cases, supra, and the entire amount of the checks for 1934 and 1935 were taxable income of this petitioner for 1939. It is immaterial that Delaware, after its dissolution, continued to exist for limited purposes for several years under the laws of the state of its incorporation. It had surrendered to the petitioner all of its rights in the claims for refund, and therefore, realized no gain when the refunds were made. The petitioner contends that section 22 (b) (12) applies to it and since it received no tax benefit from deductions based upon the capital stock taxes, none of the amount recovered is taxable to it. Clearly, the section would not cover interest. Furthermore, that section does not grant this petitioner any relief. Section 22 (b) (12) must be read in its entirety to discover the intention of Congress. It would seem to apply only in a case where a taxpayer has paid its own tax and subsequently has, itself, recovered that tax in some way. Thus read, it would not apply to this petitioner which has recovered taxes paid by another taxpayer. However, we need not decide whether it applies in the case *111 of this taxpayer because if it does apply, then we must disregard the difference between this taxpayer and Delaware for the purpose of determining whether or not the payment of the prior tax resulted in a tax benefit within the meaning of subparagraph (D). Certainly Congress did not mean to relieve from tax a recipent of a refund of taxes where the original payment had given rise to a deduction which reduced taxable income. The petitioner makes one further contention. The facts show that the Commissioner succeeded in collecting an amount purporting to represent a capital stock tax from Delaware for 1938 and that the petitioner in 1939 had to pay this tax in the amount of $1,700.00 plus interest and penalty in the amount of $213.89. The petitioner claims that this total of $1,913.89 which it had to advance on behalf of Delaware should either reduce the income of Delaware which is taxable to the petitioner in 1939, or should be allowed to the petitioner as a deduction representing taxes and interest paid. Since we have held that the refunds were never income of Delaware, there is no income of Delaware from which this amount could be subtracted. The amount is not deductible by the petitioner *112 as taxes or interest paid. Taxes to be deductible must be taxes of the taxpayer and not of some other taxpayer, such as these were, and the same is true of interest. The petitioner took the assets of Delaware subject to the liabilities of Delaware and this payment was merely the discharge of one of those liabilities. The statute makes no provision for a deduction based upon such payment. Decision will be entered under Rule 50.